IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MC ASSET RECOVERY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-479-A |
| | § | |
| THE SOUTHERN COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

    In the memorandum opinion and order the court signed in the above-captioned action on January 10, 2006, the court made known its tentative conclusion that the motion of defendant, The Southern Company, ("Southern") to transfer this action to the United States District Court for the Northern District of Georgia should be granted.  Upon further consideration, the court has decided to grant the motion.

    As the court noted in the January 10 memorandum opinion (at page 8 n.5), MC Asset Recovery, LLC ("MC") filed a motion on January 6, 2006, seeking substitution as plaintiff in this proceeding, alleging that, pursuant to the confirmed plan of reorganization, it was the successor-in-interest to the then plaintiffs for further prosecution of this action.  By order signed January 26, 2006, the court granted the motion.  MC now is the sole plaintiff in the action, and the style of the action has been changed to that appearing in the caption.  MC has filed an amended complaint identifying itself as the plaintiff and

alleging the facts that it asserts give it standing to prosecute this action.

The reasons why the court tentatively had concluded that the motion to transfer should be granted are set forth in the January 10 memorandum opinion at pages 34-37. The court is satisfied that such a transfer would be consistent with pertinent principles announced by the Supreme Court and the United States Court of Appeals for the Fifth Circuit.

In VanDusen v. Barrack, the Supreme Court explained the goal of 28 U.S.C. § 1404(a) as follows:

> Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice. Thus, as the Court recognized in Continental Grain Co. v. Barge F.B.L.-585, 364 U.S. 19, 26, 27, 80 S.Ct. 1470, 1474, 1475, 4 L.Ed.2d 1540, the purpose of the section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense * * *." To this end it empowers a district court to transfer "any civil action" to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice.

376 U.S. 612, 616 (1964) (footnotes omitted).

The threshold determination to be made in applying the provisions of § 1404(a) is whether the judicial district to which the transfer is sought is a district in which the claims could have been filed. See In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). See also VanDusen, 376 U.S. at 616-17. As an action

involving claims arising in or related to a case under title 11, this action could have been commenced

> [I]n the district court for the district where the . . . Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced."

28 U.S.C. § 1409(c). For venue purposes, because Southern resides in Atlanta, Georgia,[1] the Northern District of Georgia would have been proper venue under 28 U.S.C. § 1391(b). Undoubtedly, venue would be proper in that district for the further reason that it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."[2]  28 U.S.C. § 1391(b).

Having made the threshold determination, the court looks to the language of § 1404(a) that the transfer of a civil action "[f]or the convenience of the parties and witnesses, in the interest of justice" is authorized.  "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." In re Volkswagen AG, 371 F.3d at 203.  The Fifth circuit listed these factors in Volkswagen as follows:

> The private concerns include:  (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of

---

[1] Second Am. Compl. at 5, ¶ 12; App. to Mem. of Law in Supp. of The Southern Company's Mot. to Transfer, filed Aug. 8, 2005, tab C at 2, tab E at 2.

[2] App. to Mem. of Law in Supp. of The Southern Company's Mot. to Transfer, filed Aug. 8, 2005, tab C at 3-4.

>       witnesses; (3) the cost of attendance for willing
>       witnesses; and (4) all other practical problems that
>       make trial of a case easy, expeditious and inexpensive.
>       The public concerns include: (1) the administrative
>       difficulties flowing from court congestion; (2) the
>       local interest in having localized interests decided at
>       home; (3) the familiarity of the forum with the law
>       that will govern the case; and (4) the avoidance of
>       unnecessary problems of conflict of laws of the
>       application of foreign law.

Id. at 203 (citation omitted).

At pages 35-37 of the January 10 memorandum opinion and order, the court enumerated facts that weigh heavily in favor of grant of the motion to transfer. The court is satisfied that the sources of proof will be more readily available in the Northern District of Georgia, that compulsory process to secure the attendance of witnesses will be more available there, and the cost of attendance for willing witnesses will be significantly less there.[3] This case will be more easily tried in the Northern District of Georgia than in this district, and a trial there would be more expeditious and less expensive.

A consideration of the public concerns tend to favor a transfer. The court has no reason to think that there will be administrative difficulties flowing from court congestion if the transfer occurs. In all probability there will be legal issues related to the interpretation and application of Georgia law, with which the district court in the Northern District of Georgia will have greater familiarity than this court. The court does not anticipate that Texas law will have a significant role in the

---

[3] App. to Mem. of Law in Supp. of The Southern Company's Mot. to Transfer, filed August 8, 2005, tab C at 2-11.

4

outcome of any of the claims made in this case. To the extent that laws of the other states, such as New York, will apply because of the connection of another or other states to transactions involved in this action, the Georgia court will be at least as familiar with those laws as this court is. And, the Georgia court can resolve conflict-of-laws issues at least as readily as this court.

While a plaintiff's choice of forum is a factor to be considered, In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003), it is neither conclusive nor determinative, id. Indeed, there is a question as to whether plaintiff's choice of forum is a relevant factor when the only justification for venue in Texas is the pendency of the chapter 11 case. There is no indication that this action could have been brought in this district had it not been for the existence of the bankruptcy case here. While the court recognizes that the bankruptcy court in this district has continuing jurisdiction over the plan of reorganization, that fact "does not militate for keeping this adversary proceeding here." C.I.S. of Pine Bluff v. Alltel Cellular Assocs., 175 B.R. 834, 839 (S.D.N.Y. 1994).

Though not as significant as other factors the court has mentioned, a factor that weighs in favor of transfer to the Northern District of Georgia is the pendency there of somewhat related litigation. The complaint on the first-filed of these (No. 1:02-CV-1427 on the docket of the United States District Court for the Northern District of Georgia, Atlanta Division) is

at page App. 3 of Volume I of the Appendix of Exhibits in Support of Plaintiffs' Memorandum of Law in Opposition to Motion of The Southern Company to Transfer Venue, filed September 12, 2005. The complaint in the second-filed (No. 1:03-CV-1027 on the docket of the United States District Court for the Northern District of Georgia, Atlanta Division) is at page App. 216 of Volume II of the same appendix. The complaint in the third (No. 1:04-CV-1912 on the docket of the United States District Court for the Northern District of Georgia, Atlanta Division) is at page App. 669 of Volume IV of the same appendix. These three cases are being treated as related cases in the Northern District of Georgia, with the result that all have been assigned to the same judge, the Honorable Robert W. Story.[4] The court is transferring this action to the Atlanta Division. Presumably consideration will be given to an assignment of the action to Judge Story.

Also relevant to the motion to transfer is the conduct of Mirant Corporation in seeking a transfer in November 2002 of a case against it from the United States District Court for the

---

[4] No. 1:02-CV-1467 appears to have been assigned to Judge Story on September 23, 2003, upon recusal by the then-presiding judge. Docket entry 102, dated Sept. 23, 2003, in No. 1:02-CV-1467. On November 25, 2003, No. 1:03-CV-1027 was reassigned to Judge Story, because it was related to No. 1:02-CV-1467. Docket entry 56 dated Nov. 25, 2003, in No. 1:03-CV-1027. On October 29, 2004, the third case, 1:04-CV-1912, was transferred to Judge Story. Docket entry 14 dated Oct. 29, 2004, in No. 1:04-CV-1912. The October 29, 2004, order accomplishing the transfer recites that the transfer to Judge Story was because Nos. 1:04-CV-1912, 1:02-CV-1467, and 1:04-CV-1027 are related cases. On June 28, 2005, a motion was filed in No. 1:04-CV-1912, which was accompanied with a copy of the complaint by which the instant adversary action was instituted on June 16, 2005, noting the close relationship between the claims asserted in the instant action and issues raised in the action pending in the Northern District of Georgia. Docket entry 58 dated June 28, 2005, in No. 1:04-CV-1912.

Northern District of California to the Northern District of Georgia.  Mirant's motion to transfer emphasized that its principle place of business is in Atlanta, Georgia, that its corporate finance department and energy trading operations for the United States are located in Atlanta, that witnesses and documents relevant to the action are, for the most part, located in Atlanta, and that its financial statements and filings with the Securities and Exchange Commission were all prepared in Atlanta.[5]  There is no doubt that the activities of which complaint is made in this action were centered in Atlanta, and that the citizens of the Northern District of Georgia have the greatest interest in the litigation's outcome.  The relationship between the claims asserted in this litigation and this Texas community is so slight, if there is any, that the burden upon the people of this community in supporting and participating in its prosecution is one that "ought not to be imposed."  In re Volkswagen, 371 F.3d at 206.

A reason why the court's conclusion relative to grant of the motion to transfer was only tentative when the court signed the January 10, 2006, memorandum opinion and order was the court's uncertainty as to whether before a transfer was accomplished there should also be a withdrawal of the reference of the objections to Southern's proofs of claim.  That question arises because of the inclusion in the complaint of a count that constitutes objections by plaintiff to all claims in bankruptcy

---

[5] App. to Mem. of Law in Supp. of The Southern Company's Mot. to Transfer, filed Aug. 8, 2005, tab E at 115-16.

filed by Southern in the jointly administered chapter 11 case. Second Am. Compl. at 24, ¶¶ 10-15.

By order signed December 29, 2005, the court directed the parties to comment on whether there should be a withdrawal of the reference as to the objections of the debtors to Southern's proofs of claim if the court were to conclude that the reference of this adversary proceeding should be withdrawn.  The response of the debtors, who at that time were plaintiffs in this adversary proceeding, was that "if the Court decides to withdraw the reference of the Adversary Proceeding, the Debtors submit that it would not make sense to have the Bankruptcy Court adjudicate the objections of the Southern Claims."  Debtors' Mem. in Resp. filed Jan. 9, 2006, at 2.  Southern responded that it did not believe that a withdrawal of the reference of the objections to its claims in bankruptcy would be necessary, explaining that:

> The plaintiffs have objected to Southern's proofs of claim in the Adversary Proceeding in a manner that effectively incorporates the Debtors' separate claims objections into the Adversary Proceeding.  In particular, count V of the Amended Complaint asserts, among other grounds for objecting to Southern's claims, that "no amounts are due and owing Southern."  While the plaintiffs have offered no specific basis for this generalized objection, the objection is sufficiently broad to include any conceivable ground for objecting to Southern's claims, including the grounds asserted in the Debtors' separate claims objections.  As a result, the adjudication of the Adversary Proceeding will resolve all issues with respect to Southern's claims and moot the separately-filed claims objections.

Statement of The Southern Company Regarding Withdrawal of the Reference of the Debtors' Objections to the Proofs of Claim Filed

8

by The Southern Company, filed Jan. 9, 2006, at 2 (footnote omitted).

   The court agrees with both assessments.  After reviewing the objections made by Mirant Corporation and its affiliated debtors to Southern's proofs of claim, the court is satisfied that the parties are correct in concluding that an adjudication of the issues raised in this adversary proceeding will resolve all issues raised by the objections of the debtors to Southern's claims.  Presumably the bankruptcy court will withhold ruling on Southern's claims and the objections thereto until those issues have been resolved in this action.

   Having considered the goal of § 1404(a), as the Supreme Court explained it in VanDusen, supra at 2, and the governing principles announced by the Fifth Circuit, supra at 2-5, the court concludes that the convenience of the parties and witnesses, and the interest of justice, will best be served by a transfer of this action to the United States District Court for the Northern District of Georgia, Atlanta Division.  Therefore,

The court ORDERS that the above-captioned action be, and is hereby, transferred to the United States District Court for the Northern District of Georgia, Atlanta Division.

SIGNED February 15, 2006.

                                      /s/ John McBryde
                                    JOHN McBRYDE
                                    United States District Judge